# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KONSTANTIN D. KOTCHADZE
12413 Braxfield Court, Apt. 8
Rockville, MD 20852

     Plaintiffs

v.

JEFF SESSIONS, United States Attorney
General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

JOHN F. KELLY, Secretary of the
Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

LORI SCIALABBA, Acting Director of U.S.
Citizenship and Immigration Servs.
Office of the Chief Counsel, USCIS
20 Massachusetts Ave NW, Room 4025
Washington, DC 20529

CONRAD ZARAGOZA, Director, USCIS
Baltimore District Office
3701 Koppers Street
Baltimore, MD  21227

     Defendants

No. _____

Agency Nos. A079-304-747
A079-304-597

## COMPLAINT FOR WRIT OF MANDAMUS, AND DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

This is an action for a writ of mandamus, declaratory and injunctive relief, and other relief to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiff's immigrant visa petition (Form I-130) on behalf of his father.  This action is brought as a result of Defendants' unlawful and unreasonable delays in adjudicating said petition.

Plaintiff Konstantin Kotchadze is a citizen of the Untied States and a resident of the State of Maryland.  Plaintiff has been robbed of his statutory right to have his father classified as an immediate relative for immigration purposes.  This violation of Plaintiffs' rights is being caused solely by the bureaucratic failings and callous inaction of the government agency in charge of processing and adjudicating the visa petition – USCIS.  USCIS has unreasonably, unlawfully, and without justification delayed the adjudication of Plaintiff's visa petition over 2 years.  As a result of the agency's failure to adjudicate the subject immigrant visa petition, Plaintiff Kotchadze is unable to reunite with his father under the family unification provisions of U.S. law.

By enacting the Immigration Services and Infrastructure Improvements Act of 2000 (ISIIA), Congress set the period of 180 days as the normative expectation for government agencies to complete the processing of an immigration benefit application.  Congress specifically stated that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."  8 U.S.C. § 1571(b) (emphasis added).  Additionally, USCIS has publicly stated benefit applications such as an adjustment of status application or a visa petition at issue here should be adjudicated within six months of filing.  *See*, *e.g.*, U.S. Citizenship and Immigration Services, Questions and Answers: Building an

Immigration Service for the 21ˢᵗ Century, http://www.uscis.gov/files/pressrelease/QABuilding1. pdf (Last visited March 8, 2010).

Plaintiff seeks, *inter alia*, a writ of mandamus and declaratory and injunctive relief to require Defendants to adjudicate the subject visa petition within the time periods prescribed by law, and ask that the Court declare the agency's delays and the policies behind those delays (such as deliberate failures to set deadlines) to be in violation of immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate the subject immigrant visa petition.

Plaintiff is eligible to seek, and is seeking, reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq*.

## JURISDICTION AND VENUE

1.      This Court's jurisdiction over this matter lies pursuant to 28 U.S.C. 2201 *et seq.* (declaratory judgments), 8 U.S.C. § 1571 (Immigration Services and Infrastructure Improvement Act of 2000), 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in cases of unreasonable delay), 28 U.S.C. § 1361 (authorizing issuance of mandamus), and 18 U.S. Code § 242 (deprivation of rights under color of law).  Relief is requested pursuant to said statutes and the U.S. Constitution.

2.      Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District.

## ALLEGATIONS OF FACT

**Plaintiff**

3.      Plaintiff Konstantin Kotchadze is a citizen of the United States residing within the jurisdiction of USCIS Baltimore District Office, who has filed an immigrant visa on behalf of his father, Dmitry Kochadze, and whose visa petition has not been adjudicated for over 2 years.

**Defendants**

4.      All Defendants are officials of the United States government and its agencies acting under color of law with respect to the matters referenced herein.

5.      Defendant Jeff Sessions is the Attorney General of the United States and is sued in his official capacity. Defendant Sessions is responsible, *inter alia*, for administering and enforcing the immigration and naturalization laws of the United States, for overall supervision of the functions of the Department of Homeland Security (DHS) and United States Citizenship and Immigration Services (USCIS), as well as for prescribing regulations by which a person can petition for a close family member to be classified as an immediate relative for immigration purposes.

6.      Defendant John F. Kelly is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Defendant Kelly generally charged with implementing the Immigration and Nationality Act (INA) and is authorized to delegate powers and authority to subordinate employees of the DHS.  Defendant Kelly is responsible for implementing the provisions of the INA under which U.S. citizens can petition for close family members to be classified as immediate relatives for immigration purposes.

7.      Defendant Lori Scialabba is the Acting Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the INA, including processing and adjudicating immigrant visa petitions on behalf of

close family members.  Defendant Scialabba is responsible for overall supervision of the

functions of the USCIS, including the processing and adjudication of immigrant visa petitions.

8.      Defendant Conrad Zaragoza is the Director of the Baltimore District Office of the

USCIS, and is responsible for administering and enforcing the INA, including the processing and

adjudication of immigrant visa petitions by petitioners residing in Maryland.

9.      All Defendants are sued in their official capacity.

**Plaintiff's Petition and Defendants' Failure to Act**

10.      On August 29, 2014, Plaintiff filed an immigrant visa petition (Form I-130) to

classify his father as an immediate relative for immigration purposes.  **Exhibit A.**  On December

18, 2014, USCIS issued a request for additional evidence ("RFE1") to be submitted by March

15, 2015.  Plaintiff responded to RFE1 on March 11, 2015.  USCIS then failed to act on the visa

petition for over 180 days.  **Exhibit B**.  On September 29, 2015, after Plaintiff's inquiry, USCIS

stated to Plaintiff that the petition was still being processed.  **Exhibit B**.

11.      On February 9, 2016, Plaintiff received from USCIS Baltimore District Office a

"Call-in Letter" requesting that both Plaintiff and his father (the beneficiary under the visa

petition residing overseas) appear at that Office.  **Exhibit C.**  This request was untenable in light

of the fact that Plaintiff is petitioning on behalf of his father who resides overseas.

12.      Plaintiff then responded to the Baltimore District Office that an overseas

beneficiary cannot be expected to travel to the United States, enter the United States, and appear

at the Baltimore Office.  *Id.*

13.      On May 2, 2016, USCIS issued another request for evidence ("RFE2"),

requesting that petitioner bring in person to the Baltimore Office, by July 25, 2016, certain

original documents and a DNA test report.  **Exhibit D**.

14.     Plaintiff petitioner complied with this request and furnished the requested original documents and report in person on July 23, 2016.  **Exhibits D&E.**

15.     On November 30, 2016, having received no decision on his visa petition, Plaintiff made a status inquiry on the petition.  On December 5, 2016, USCIS responded by letter stating that the petition is still being processed and that no time for its adjudication can be provided. **Exhibit F.**

16.     Based on USCIS' failure to adjudicate the subject petition within 180 days and within a reasonable time and the failure to set a deadline for adjudicating said petition, Plaintiff brings the instant action in the nature of mandamus and declaratory and injunctive relief.

### Plaintiff's Exhaustion of Administrative Remedies

17.     Plaintiff has exhausted his administrative remedies. Plaintiff has also supplied the documents that establish his father's eligibility to be classified as an immediate relative under the INA.

### FIRST CLAIM FOR RELIEF: FAILURE TO DISCHARGE A MANDATORY MINISTERIAL DUTY

18.     Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

19.     Plaintiff has a clear right to the relief sought, namely, that Plaintiff's visa petition to classify his father as an immediate relative under the INA be processed and adjudicated by Defendants within a reasonable period of time in accordance with the INA, APA, and ISIIA.

20.     Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiff's visa petition within a reasonable time.

21.     Defendants' own promulgated policies indicate that a period of time outside 180 days is not reasonable.

22.     Defendants have failed to discharge their clear ministerial duty.

23.     Defendants' over 2-year delay in adjudicating a simple and straightforward visa petition is not reasonable whether or not Plaintiff's father poses any risk to U.S. national security and whether this matter is considered from the standpoint of national security interests or Plaintiff's rights and interests.

24.     Defendants' prolonged delays in processing visa petitions such as Plaintiff's are detrimental to national security.

25.     Absent an order in the nature of mandamus compelling Defendants to promptly process and adjudicate the subject visa petition, Plaintiff has no other remedy, whether at law or in equity, to redress the violation of his rights.

26.     Defendants have a policy, pattern, and practice of failing to adjudicate visa petitions of certain petitioners.

27.     Defendants have a policy, pattern, and practice of failing to set deadlines for processing and adjudicating certain visa petitions.

28.     Defendants have failed to set a deadline to process and adjudicate the subject visa petition.

29.     Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's visa petition.

30.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition for a period far exceeding 180 days.

31.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition within a reasonable time.

32.     It is therefore appropriate for this Court to issue an order in the nature of mandamus compelling Defendants to process and adjudicate Plaintiff's visa petition within a reasonable period of time, such as 30 days.

**SECOND CLAIM FOR RELIEF: VIOLATION OF THE APA**

33.     Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

34.     Defendants are officials of a federal administrative agency covered by the

Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.* and 706 *et seq.*

35.     Defendants have a policy, pattern, and practice of failing to adjudicate visa

petitions of certain petitioners within a reasonable time.

36.     Defendants have a policy, pattern, and practice of failing to set deadlines to

adjudicate visa petitions of certain petitioners.

37.     Defendants have failed to set a deadline to process and adjudicate the subject visa

petition.

38.     Defendants have unreasonably delayed and unlawfully withheld agency action on

Plaintiff's visa petition.

39.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition

for a period far exceeding 180 days.

40.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition

within a reasonable time.

41.     Defendants' failure to process and adjudicate Plaintiff's visa petition for almost

two and a half years constitutes an unreasonable delay and unlawful withholding of agency

action in violation of 5 U.S.C. § 555(b) and 5 U.S.C. § 706, as well as ISIIA, 8 U.S.C. § 1571(b).

42.     Defendants' failure set a deadline to process and adjudicate Plaintiff's visa petition

is in violation of 5 U.S.C. § 555(b) and 5 U.S.C. § 706, as well as ISIIA, 8 U.S.C. § 1571(b).

43.     Defendants' over 2-year delay in adjudicating a simple and straightforward visa

petition is not reasonable whether or not Plaintiff's father poses any risk to U.S. national security

and whether this matter is considered from the standpoint of national security interests or Plaintiff's rights and interests.

44.     Defendants' prolonged delays in processing visa petitions such as Plaintiff's are detrimental to national security.

45.     It is therefore appropriate for this Court to issue an order declaring Defendants' policy, pattern, and practice, and their application of those to Plaintiff's visa petition, unlawful and enjoining them from applying said policy, pattern, and practice to Plaintiff's visa petition and from further delaying the processing and adjudication of the subject visa petition.

46.     It is therefore appropriate for the Court to issue an affirmative injunction compelling Defendants to adjudicate the subject visa petition within a reasonable period of time, such as 30 days.

## THIRD CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS AND OTHER FUNDAMENTAL RIGHTS

47.     Plaintiff re-alleges and incorporates herein all preceding paragraphs.

48.     Defendants, as relevant herein, have acted and failed to act with respect to Plaintiff's visa petition under color of law.

49.     Defendants have a policy, pattern, and practice of failing to adjudicate visa petitions of certain applicants within a reasonable time.

50.     Defendants have a policy, pattern, and practice of arbitrarily failing to set deadlines to adjudicate certain visa petitions and certain other immigration benefit petitions and applications.

51.     Defendants have failed to set a deadline to process and adjudicate the subject visa petition.

52.     Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's visa petition.

53.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition for a period far exceeding 180 days.

54.     Defendants have failed to adjudicate or otherwise act on Plaintiff's visa petition within a reasonable time.

55.     Defendants' failure to process and adjudicate Plaintiff's visa petition for almost two and a half years is preventing Plaintiff, who is a U.S. Citizen, from having his father classified as an immediate relative for immigration purposes.

56.     Defendants' failure set a deadline to process and adjudicate Plaintiff's visa petition is preventing Plaintiff, who is a U.S. Citizen, from reuniting with his father.

57.     Defendants' failure to process and adjudicate the subject visa petition for over two years and their failure to set deadlines in the processing and adjudication of the subject visa petition violate Plaintiff's rights to Due Process, family unity, and other fundamental rights secured by the United States Constitution.

58.     Defendants' policy, pattern, and practice of failing to set deadlines and failing to adjudicate certain visa petitions within 180 days and/or within a reasonable time, both facially and as applied to Plaintiff's visa petition, violate Plaintiff's rights to Due Process, family unity, and other fundamental rights secured by the United States Constitution.

59.     As a result of Defendants' actions, omissions, policies, and practices, Plaintiff has suffered and is continuing to suffer injury (at least some of which is irreparable) and damages. Declaratory and injunctive relief, as well as other relief are therefore warranted.

**PRAYER FOR RELIEF**

60.     Based on the foregoing, Plaintiff respectfully requests that this Court:

a.      Order Defendants to promptly adjudicate the currently pending 2014 visa petition of Plaintiff within a period not to exceed 30 days after the Court's order.

b.      Declare unlawful the following actions and omissions of Defendants: (a) failure to adjudicate the subject visa petition for over two years and/or within 180 days; (b) failure to set a deadline with respect to completion of adjudication of the subject visa petition; (c) Defendants' policy, pattern, and/or practice of delaying and withholding agency action on visa petitions; and (d) Defendants' policy, pattern, and/or practice of failing to set deadlines in adjudicating visa petitions.

c.      Award reasonable attorney fees and costs pursuant to, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

d.      Grant any and all further relief this Court deems just and proper.

Respectfully submitted,


_____*/s/ Gregory Bryl*_____
Gregory Bryl, Esq.
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
DC Bar # CO0047

*Attorney for Plaintiff*